UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-06068-SPG-JPR | Date | December 3, 2025 |
|---|---|---|---|
| Title | Mandy Pollack v. Yonas Seyoum Alemu | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF PROSECUTION (JS-06)**

### I. Background

On August 28, 2025, the Court issued an Order Setting Scheduling Conference, which set a September 27, 2025, deadline for Plaintiff Mandy Pollack ("Plaintiff") and Defendant Yonas Seyoum Alemu ("Defendant") to file a joint Rule 26(f) report and worksheet in accordance with Federal Rule of Civil Procedure 26(f), and set a scheduling conference for October 1, 2025. (ECF No. 17 ("Scheduling Order")). The parties, however, failed to file a joint scheduling report. Because both parties are self-represented, the Court on October 7, 2025, continued the scheduling conference to October 30, 2025, and again ordered the parties to file a joint Rule 26(f) report and worksheet, this time no later than October 24, 2025. (ECF No. 19). Contrary to the Court's Scheduling Order, which requires the parties to meet and confer before filing their Rule 26(f) report and worksheet jointly, (Scheduling Order at 2–3), the parties each separately filed a Rule 26(f) report, (ECF Nos. 20, 21).

On October 30, 2025, during the scheduling conference, the Court informed the parties that their separate Rule 26(f) reports were being struck for lack of compliance and again ordered the parties to meet and confer and file a joint Rule 26(f) report and worksheet no later than November 12, 2025. (ECF No. 22); *see* (ECF No. 17). The parties did not timely file a joint Rule 26(f) report and worksheet; instead, Defendant filed an individual Rule 26(f) report on November 17, 2025, and therein represented with attached supporting emails that "Defendant made three good-faith attempts to confer with Plaintiff regarding a joint Rule 26(f) submission but did not receive a response" from Plaintiff. (ECF No. 27). Thereafter, on November 20, 2025, the Court issued an Order to Show Cause, ordering Plaintiff to show cause, in writing, on or before November 26, 2025, why the case should not be dismissed for lack of prosecution. (ECF No. 28 ("OSC")). The Court also permitted Plaintiff to respond to the order by filing a joint Rule 26(f) report and worksheet. (*Id.*). The Court warned that "[f]ailure to respond [to the OSC] will be deemed consent to the dismissal of the action." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06068-SPG-JPR | Date | December 3, 2025 |
| Title | Mandy Pollack v. Yonas Seyoum Alemu | | |

To date, from the Court's review of the docket, it reflects that Plaintiff has not filed a response to the OSC or a joint Rule 26(f) report.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) establishes that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it," and such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). A defendant's ability to dismiss a case under Rule 41(b) does not abrogate the "inherent power" of the district court to, on its own motion, "dismiss a case for lack of prosecution." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, because "dismissal is a harsh penalty," courts must weigh five factors to determine whether to dismiss a case for lack of prosecution. *Henderson*, 779 F.2d at 1423. These factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.*; *e.g. Link v. Metro. Life Ins. Co.*, No. 24-cv-7718-PA-SK, 2024 WL 5203067 (C.D. Cal. Dec. 23, 2024) (dismissing a case due to plaintiff's failure to timely file a joint scheduling report). The fifth *Henderson* factor warrants particular consideration when the court dismisses a case on its own motion. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## III.    Discussion

The Court finds that four of the five *Henderson* factors weigh in favor of dismissal.

The first *Henderson* factor favors dismissal because "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The absence of a joint scheduling report in this case has caused the action to come to a "complete halt." *Id.* Relatedly, the second *Henderson* factor also favors dismissal because without such a report and both parties' willing compliance with deadlines set by the Court, the Court is unable to manage the case and control the pace of the docket. *Id.*

The third *Henderson* factor addresses whether "a plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case," thereby prejudicing defendant. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Although "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," compounded "unreasonable delays" may be prejudicial to a defendant. *Id.* This factor also considers a plaintiff's reason for the delay. *Id.* at 642–43. Here, Plaintiff has not responded to the OSC or provided the Court with an explanation for the delay. Nor has Plaintiff responded to any of Defendant's three attempts to meet and confer regarding the Rule 26(f)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06068-SPG-JPR | Date | December 3, 2025 |
| Title | Mandy Pollack v. Yonas Seyoum Alemu | | |

report. *See* (ECF No. 27). Plaintiff's failure to respond to Defendant's efforts to meet and confer, as well as the absence of any explanation for not filing the scheduling report, impairs Defendant's ability to proceed to trial. And ultimately, though Defendant has filed an individual Rule 26(f) report, (ECF No. 27), it is Plaintiff's burden to prosecute her case. *See Fid. Philadelphia Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). This factor favors dismissal.

The fourth *Henderson* factor weighs against dismissal, as public policy favors a disposition of the case on the merits. *Pagtalunan*, 291 F.3d at 643.

Finally, the fifth *Henderson* factor favors dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. One alternative is a warning to the dilatory party that failure to comply with court orders may result in dismissal. *Id.* Here, the first deadline for the parties to file a joint Rule 26(f) report was set for September 17, 2025. (ECF No. 17). The Court subsequently provided Plaintiff with three additional opportunities to cure the deficiency and file a joint scheduling report that complied with the Federal Rule of Civil Procedure 26(f) and the Court's Scheduling Order. *See* (ECF Nos. 19, 22); (OSC). The Court also warned Plaintiff that failure to respond to the OSC would "be deemed consent to the dismissal to the action." (OSC). To date, a joint Rule 26(f) report has not been filed on the docket. Having cautioned Plaintiff that non-compliance with the OSC would result in dismissal, and because the Court intends to dismiss the action without prejudice, the fifth *Henderson* factor favors dismissal. *See Link*, 2024 WL 5203067 at *2.

### IV.    Conclusion

In sum, four out of the five *Henderson* factors weigh in favor of dismissing this action for Plaintiff's failure to file a response to the OSC or joint Rule 26(f) report. *See Henderson*, 779 F.2d at 1423. Therefore, pursuant to Rule 41(b) and the Court's inherent authority to manage its docket, the Court DISMISSES the case, without prejudice. All pending dates are vacated, and the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

                                                                          : 

Initials of Preparer    pg